UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                              No. **CR 06-1629 MCA**

**FELIX SANCHEZ-VASQUEZ**,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the *Government's Motion in Limine to Exclude Certain Evidence from Trial* [Doc. 29], filed November 9, 2006. The Court heard arguments from counsel at the December 7, 2006 Call of the Calendar. Having reviewed the parties' written submissions and oral arguments, the relevant law, and being fully advised in the premises, the Court determines that the motion is well-taken and will be granted for the reasons set forth below.

**I.    BACKGROUND**

Defendant Felix Sanchez-Vasquez was charged by indictment with reentry of a removed alien, in violation of 8 U.S.C. § 1326(a), (b).[1] [Doc. 8]. On November 9, 2006, the United States filed a motion in limine seeking to exclude any evidence that Defendant (1)

---

[1] The United States asserts that Defendant was removed because in 2004, he pled guilty to the felony offense of Coercion in the Second Judicial District Court, County of Washoe, Nevada (NEV. REV. STAT. ANN. § 207-190 (2006)). [Doc. 27 at 1].

was unaware that he had entered the United States illegally; (2) was under the mistaken belief that he was authorized to reenter the United States; (3) was unaware of his prior deportation when he reentered the United States; (4) returned to the United States for a specific reason and such reason justified his return; and (5) was deprived of his constitutional rights as a result of the manner in which law enforcement officers treated him after his arrest. [Doc. 29]. Defendant responds that the United States's motion is untimely and unnecessary. [Doc. 45].

## II.   ANALYSIS

Trial courts generally are vested with broad discretion regarding evidentiary rulings on motions in limine. See generally United States v. Wagoner County Real Estate, 278 F.3d 1091, 1099 (10th Cir. 2002). One purpose of a motion in limine is to prevent the introduction at trial of irrelevant and/or extraneous material. 75 AM. JUR. 2d *Trial* § 94 (2006). "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. While relevant evidence is generally admissible, evidence that is not relevant is not admissible. See Fed.R.Evid. 402.

To obtain a conviction under 8 U.S.C. § 1326, the United States must prove beyond a reasonable doubt that Defendant (1) is an alien; (2) who was arrested and deported; and (3) who thereafter voluntarily and knowingly was found in the United States; (4) without the permission of the Secretary of the Department of Homeland Security. See United States v. Martinez-Morel, 118 F.3d 710, 713 (10th Cir. 1997) (holding that district court did not

commit an abuse of discretion in excluding documentary and testimonial evidence of defendant's belief that he was not deported because such evidence was not relevant to a conviction under 8 U.S.C. § 1326(a)). In a prosecution for the crime of illegal reentry, "[t]he only intent the government must prove is the 'general intent to do the prohibited act, to-wit enter.'" Id. (quotations omitted). Indeed, the Tenth Circuit has determined that § 1326(a) is a regulatory measure with no express *mens rea* element or congressional intent to include a *mens rea* element to be proven by the United States for conviction. United States v. Hernandez-Baide, 392 F.3d 1153, 1157-58 (10th Cir. 2004). That determination "is consistent with the Supreme Court's conclusion that regulatory statutes, silent with respect to *mens rea*, 'impose a form of strict liability,' and an inference 'Congress did not intend to require proof of *mens rea* to establish an offense.'" Id. (*quoting* Martinez-Morel, 118 F.3d at 716). Consequently, "a deported alien, who makes an unauthorized entry into this country, is arguably *per se*, or 'strictly,' liable for such criminal conduct, regardless of the underlying motivation for such illegal entry." Id.

In this case, the bulk of the evidence the United States seeks to exclude relates to Defendant's beliefs and/or reasons for reentering this country. Such evidence is irrelevant to a determination whether Defendant did or did not commit the offense with which he has been charged. See Martinez-Morel, 118 F.3d at 713. Any evidence of the defenses of lack of specific intent, necessity, and lack of knowledge is irrelevant because those are not defenses to the crime with which Defendant has been charged. See United States v. Aziz, 1999 WL 1268380, at *1 (2nd Cir. Dec. 2, 1999). For the foregoing reasons, evidence of

3

Defendant's beliefs and/or reasons for reentering will be excluded.

The United States also seeks to exclude any allegation that "Defendant's post-arrest treatment or procedural processing by law enforcement officers allegedly violated defendant's constitutional rights, a regulation or an agency procedure in some manner." [Doc. 29 at 1]. The United States submits that any such evidence is not relevant to a determination whether Defendant committed the charged offense, which was complete when the last element was satisfied and Defendant was found in this country without the express consent of the Secretary of the Department of Homeland Security. [Id. at 4-5]. The Court agrees that post-arrest events or events that occurred after the alleged completion of the charged offense are not relevant to a determination as to whether Defendant did or did not violate 8 U.S.C. § 1326.[2]  See United States v. Hernandez, 829 F.2d 988, 995-996 (10th Cir. 1987) (evidence of post-arrest threat against defendant's life was properly excluded because it was not relevant to a determination whether defendant acted under duress when he committed the charged offenses). Evidence of Defendant's post-arrest treatment will therefore be excluded.

---

[2] In the alternative, the Court concludes that the admission of such evidence would be substantially more prejudicial than probative and should be excluded for that reason. See Fed.R.Evid. 403.

**III.     CONCLUSION**

For the foregoing reasons, the *Government's Motion in Limine to Exclude Certain Evidence from Trial* is granted.

**IT IS, THEREFORE, ORDERED** that the *Government's Motion in Limine to Exclude Certain Evidence from Trial* [Doc. 29] is **GRANTED**.

**SO ORDERED** this 14th day of December, 2006, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
UNITED STATES DISTRICT JUDGE